## RAMOS v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.
May 29, 1926.)

No. 1914.

**1. Territories ⬥⬥8.**

Const. Amend. 18, prohibiting manufacture, sale, transportation, importation, and exportation of intoxicating liquors for beverage purposes, applies to Porto Rico.

**2. Territories ⬥⬥8—National Prohibition Act (Comp. St. § 10138¼a et seq.) is in force in Porto Rico (Act April 12, 1900, § 14 [Comp. St. § 3762]; Act March 2, 1917, § 9 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803ccc]; Act Nov. 23, 1921, § 3 [Comp. St. Ann. Supp. 1923, § 10138⅘a]).**

National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼a et seq.) if not extended to Porto Rico by Act April 12, 1900, § 14 (Comp. St. § 3762), and Act March 2, 1917, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803ccc), was so extended by Act Nov. 23, 1921, § 3 (Comp. St. Ann. Supp. 1923, § 10138⅘a).

**3. Courts ⬥⬥438.**

Under Act March 2, 1917, § 41 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq), and in view of Act Sept. 21, 1922 (Comp. St. Ann. Supp. 1923, § 3803q[1]), federal District Court of Porto Rico has jurisdiction of offenses arising out of violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼a et seq.).

**4. Jury ⬥⬥95—That some of jurors in liquor prosecution had participated in previous trial of accused's employee on similar charges held not to deprive accused of impartial jury (National Prohibition Act, tit. 2, § 2 [Comp. St. Ann. Supp. 1923, § 10138½a]; Const. Amend. 6).**

That some jurors, in prosecution for possession and sale of intoxicating liquor in violation of National Prohibition Act, tit. 2, § 2 (Comp. St. Ann. Supp. 1923, § 10138½a), had participated in previous trial of waiter in accused's café on similar charges, *held* not to deprive accused of impartial jury, in violation of Const. Amend. 6, where evidence showed that such jurors knew nothing of offenses charged against accused, that they had no bias or prejudice against him, and were able to act impartially on evidence submitted.

**5. Criminal law ⬥⬥338(4, 5)—Trial court's refusal to permit accused in liquor prosecution to inquire into case against his employee, previously tried on similar, but distinct, charges, held not prejudicial (National Prohibition Act, tit. 2, § 2 [Comp. St. Ann. Supp. 1923, § 10138½a]).**

In prosecution for sale and possession of intoxicating liquor, in violation of National Prohibition Act, tit. 2, § 2 (Comp. St. Ann. Supp. 1923, § 10138½a), trial court's refusal to permit accused to inquire into origin of case against waiter in his café, previously tried on similar, but distinct, charges, *held* not prejudicial, especially where accused was allowed to introduce commissioner's record in case against

himself, which amounted to granting such inquiry.

**6. Criminal law ⬥⬥742(3)—Weight to be given testimony of government's witness, who repudiated statements made by him in previous prosecution against himself, held for jury.**

Where waiter in accused's café, in testifying for government, repudiated certain statements made by him when he testified on his own behalf in previous prosecution against himself, *held*, that it was for jury to determine weight to be given to such testimony.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Manuel Ramos was convicted of unlawful possession and sale of intoxicating liquor, and he brings error. Affirmed.

Luis A. Castro, of San Juan, Porto Rico, for plaintiff in error.

George R. Farnum, of Boston, Mass. (John L. Gay and Jesus A. Gonzalez, both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The defendant Ramos (plaintiff in error) was convicted on the 16th day of September, 1925, in the federal District Court for Porto Rico, upon an information in which he was charged in two counts with the violation of section 2, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½a); the first count charging him with the unlawful possession of a half pint of brandy on or about the 3d day of July, 1925, at San Juan, while the second count charged that on or about the 3d day of July, 1925, at San Juan, he unlawfully sold Rafael Colon Alvarez, in the restaurant El Vesuvius, No. 20 Allen street, San Juan, Porto Rico, a half pint of brandy. On September 26, 1925, a fine of $300 and costs having been imposed on the first count and a jail sentence of 90 days on the second count, this writ of error was prosecuted.

The errors assigned are: (1) That he was convicted without due process of law, in violation of the Fifth Amendment to the Constitution; (2) that he was not tried by an impartial jury, in violation of the Sixth Amendment; (3) that the court committed prejudicial error in refusing to allow him to inquire into the origin of the case against one Justino D. Vagras; (4) that it committed prejudicial error by allowing the case to go to the jury with the perjured testimony of the witness Vagras, called in rebuttal by

the government; (5) that the court was without jurisdiction of the case, because the National Prohibition Act is not in force in Porto Rico; and (6) that the court was without jurisdiction of the case, because the Eighteenth Amendment to the Constitution is not in force in Porto Rico.

[1] We will proceed to consider the fifth and sixth assignments of error first. Article 18, § 1, of the Amendments to the Constitution provides:

"After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited."

This article of the Constitution by its express language applies to "all territories subject to [the] jurisdiction" of the United States, and is applicable to Porto Rico.

[2] The National Prohibition Act, if it was not extended to Porto Rico by section 14 of the Act of April 12, 1900 (31 Stat. 80; Comp. St. § 3762), and section 9 of the Act of March 2, 1917 (39 Stat. 954 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803ccc]), was by section 3 of the Act of November 23, 1921 (42 Stat. 223 [Comp. St. Ann. Supp. 1923, § 10138⅘a]), which provides:

"That this act and the National Prohibition Act shall apply not only to the United States but to all territory subject to its jurisdiction, including the territory of Hawaii and the Virgin Islands."

And the Supreme Court in Cunard S. S. Co. v. Mellon, 262 U. S. 100, 127, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306, in speaking of said section 3, said that since its enactment the "field" of the National Prohibition Act "coincides with that of the Eighteenth Amendment."

[3] The National Prohibition Act being a federal law and in force in Porto Rico, the federal District Court of Porto Rico has jurisdiction of offenses arising out of its violation there by virtue of section 41 of the Act of March 2, 1917 (39 Stat. 965 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq]), defining its jurisdiction as follows:

"Such District Court shall have jurisdiction of all cases cognizable in the District Courts of the United States, and shall proceed in the same manner."

By the Act of September 21, 1922 (42 Stat. c. 365, p. 993 [Comp. St. Ann. Supp. 1923, § 3803q (1)]), concurrent jurisdiction over offenses against the National Prohibition Act was granted to the territorial magistrates and courts in Porto Rico. It provides:

"That there be, and is hereby, conferred upon the territorial magistrates and courts of Porto Rico jurisdiction concurrent with the commissioners and courts of the United States for the said territory of all offenses under the Act of October 28, 1919, known as the National Prohibition Act, and all acts amendatory thereof and supplemental thereto, the jurisdiction of said territorial magistrates and courts over said offenses to be the same which they now have over other criminal offenses within their jurisdiction."

The latter provision was undoubtedly enacted in view of the decision of the Supreme Court of Porto Rico in People v. Torres, 28 Porto Rico 783, holding that the insular courts were without jurisdiction of offenses arising under section 2 of the Act of Congress of March 2, 1917, known as the Jones Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803aa), as such jurisdiction was not conferred by necessary implication or specific provisions.

The defendant takes nothing by these assignments.

The first assignment, wherein the defendant complains that he was convicted without due process of law, is based on the idea that the court was without jurisdiction to try the offenses with which he was charged; but, as this idea is erroneous, as herein previously pointed out, this assignment needs no further consideration.

[4] The second assignment presents the question whether the defendant, by the course pursued in the court below, was deprived of a trial by an impartial jury in violation of the Sixth Amendment to the Constitution.

It appears that, on the day preceding the defendant's trial, one Vagras, who had been in the defendant's employ as a waiter at his café in San Juan during July, 1925, had been tried on an information charging him with the violation of section 2, title 2, of the National Prohibition Act in two counts, one being for the unlawful possession of liquor on July 4, 1925, and the other for an unlawful sale on that date; that the unlawful possession and sale took place at the defendant's café and that for these offenses Vagras was convicted. It also appears that one or more of the jurymen participating in the trial of Vagras were allowed to sit at the trial of the defendant. This is the basis of the second assignment.

There was no evidence that the jurors who participated in the trial of Vagras and were allowed to sit at the trial of the defendant had acquired any knowledge of the offenses charged against the defendant prior to his being put on trial. In fact, the only evidence on this point shows that they knew nothing of the offenses charged against the defendant; that they had no bias or prejudice against him, and were able to act impartially upon the evidence submitted. The court found that the jury drawn to hear the defendant's case were impartial. The evidence warranted the finding. No error was committed. Murphy v. United States (C. C. A.) 7 F.(2d) 85.

[5] We find nothing in the record justifying the third assignment. The charges preferred and tried against Vagras were distinct from those preferred against the defendant and we do not see how he could have been in any way prejudiced by the court's refusal, if it did refuse, to allow him to inquire into the origin of the case against Vagras. He was allowed to introduce the commissioner's record in the case against himself, for the purpose of showing, as he claimed, that the original charge against him was for having made a sale on the 4th as well as the 3d of July, and that subsequently the first of these sales was charged against Vagras. He seems to complain of not having been allowed to do what the record shows he was permitted to do.

[6] As to the fourth assignment, it appears that Vagras was called by the government in rebuttal to contradict certain statements made by Ramos, who testified in his own behalf, and that in doing so Vagras repudiated certain statements made by him the day before, when testifying in his own case. It was for the jury to determine what, if any, weight they would give to his testimony. No question of law is presented by this assignment.

The judgment of the District Court is affirmed.